**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

STEPHEN DARDEN                                                                                          PETITIONER
Reg # 15703-078

VS.                                       NO. 2:10-cv-00197-DPM-BD

T.C. OUTLAW, Warden,
Federal Correctional Complex,
Forrest City, Arkansas                                                                                 RESPONDENT


**RECOMMENDED DISPOSITION**

I.      **Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr.  Either party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommended Disposition.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

  Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

**II.** **Introduction**

  Petitioner Stephen Darden is currently serving a sixty-month sentence at the Federal Correctional Complex ("FCC"), Forrest City, Arkansas. Mr. Darden challenges the manner in which the Bureau of Prisons ("BOP") has calculated his sentence. (Docket entry #1 at pp. 4-5) Specifically, he claims he is entitled to receive credit on his federal sentence for time he served on a state sentence.

  The Respondent contends the BOP has calculated Mr. Darden's sentence correctly under 18 U.S.C. § 3585(b)(2). (#7) For the reasons set forth below, the Court recommends that the District Court dismiss the petition.

**III.** **Background**

  On March 4, 2008, Mr. Darden pleaded guilty to criminal trespass and possession of a controlled substance, in the Circuit Court of Gregg County, Texas, and was sentenced to 350 days in the county jail on each count with the sentences to run concurrently. On the same day, he pleaded guilty to evading arrest and was sentenced to 180 days in the county jail to run concurrently with his other sentences. (#7-1 at pp. 7-11)

  On June 3, 2008, federal authorities took temporary custody of Mr. Darden from Texas state authorities pursuant to a *writ of habeas corpus prosequendum*. On April 2,

2009, Mr. Darden appeared in the United States District Court for the Eastern District of Texas and entered a guilty plea to the offense of possession with intent to distribute cocaine base. (#7-1 at p. 19) The Court sentenced him to sixty months in the BOP followed by a three-year term of supervised release. (#7-1 at pp. 20-21) The Court did not order the federal sentence to run concurrently with any other sentence.

On April 30, 2009, federal authorities returned Mr. Darden to Texas authorities. The United States Marshal placed a detainer on the Petitioner with the Gregg County Sheriff's Department. (#7-1 at p. 15)

On May 28, 2009, Mr. Darden pleaded guilty to possession of a controlled substance in the District Court of Gregg County, Texas. That court sentenced Mr. Darden to four years in the Texas Department of Criminal Justice. (#7-1 at p. 28) The court awarded him credit for time he had served from October 8, 2007, until the date of his sentence, May 28, 2009. (#7-1 at p. 28)

On August 13, 2009, Mr. Darden was released on parole from the Texas Department of Criminal Justice and was transferred to the custody of the United States Marshal to begin serving his federal sentence. (#7-1 at pp. 32-33)

At Mr. Darden's request, the BOP sent a letter to the sentencing court asking for its position on his request for retroactive designation of the state facility as a federal facility to reduce the length of time spent in custody. The court did not respond to the letter.

After completing a worksheet addressing the five factors set out in 18 U.S.C. § 3621(b), the BOP denied Mr. Darden's request for retroactive designation. (#7-1 at pp.42-43)

IV. **Sentence Credit**

The Court reviews the BOP's decision for abuse of the agency's "substantial discretion under 18 U.S.C. § 3621." *Fegans*, 506 F.3d 1101, 1105 (8th Cir. 2007). The Attorney General, through the BOP, has responsibility for computing federal sentences and determining the commencement of sentences, under 18 U.S.C. § 3585. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S.Ct. 1351 (1992)).

Mr. Darden challenges the BOP's calculation of his sentence, claiming that the BOP should give him credit for time he served from June 3, 2008 until he "went back to state custody." (#1 at p. 5) The Respondent argues the BOP has appropriately calculated Petitioner's sentence under 18 U.S.C. § 3585. (#9 at pp. 3-4)

Whether a prisoner who committed a federal offense receives credit for time spent in custody is governed by 18 U.S.C. § 3585. The statute provides:

Calculation of term of imprisonment

(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for prior custody.  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has *not been credited against another sentence*.

18 U.S.C. § 3585 (emphasis added).  The Attorney General, through the BOP, has the authority to award credit under section 3585(b) for time served.  *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *United States v. Wilson*, 503 U.S. at 334-35).

Mr. Darden began serving his state sentence for possession of a controlled substance on May 28, 2009.  (#7-1 at p. 28)  In its Judgment, the state court credited Mr. Darden for time he served from October 8, 2007 to May 28, 2009.  (#7-1 at p. 28)  Therefore, he received credit on his state sentence for the period at issue – October 8, 2007 until he was paroled from the state on August 13, 2009.  This includes the time he was "on loan" to federal authorities on a writ of habeas corpus *ad prosequendum* from June 3, 2008, to April 30, 2009.  Because Mr. Darden received credit on his state sentence for the time period at issue, under the applicable statute, he cannot also receive credit on his federal sentence for that same time period .  See *United States v. Wilson*, 503 U.S. at 337 (by enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time"); see also *Potwin v. Sanders*, 231 Fed. Appx. 538,

5

539 (8th Cir. 2007) (unpub.) (federal inmate not entitled to credit where "time at issue had been credited by the State of Texas to his state parole-violation sentence and may not be double counted"); *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993) (federal defendant not entitled to credit for time spent in state custody where he received credit against his state sentence for that period).

    Mr. Darden argues he did not receive credit toward any state sentence for time he served from May 22, 2008, when he claims he was found incompetent, until he received his state sentence on May 28, 2009. The judgment entered May 28, 2009, however, clearly gives him credit toward his state sentence for this period.

    Mr. Darden also claims he is entitled to credit toward his federal sentence for time he served from June 3, 2008, until April 30, 2009, because he was in the custody of the United States Marshal. He misunderstands his status. Mr. Darden was transferred to temporary federal custody from June 3, 2008 until April 30, 2009, under a writ of habeas corpus *ad prosequendum*. When an inmate is transferred under this type of writ, "[p]rimary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign." See *United States v. Cole*, 416 F.3d 894, 896-897 (8th Cir. 2005) (citations omitted)(primary jurisdiction is generally determined by the sovereign that first obtains custody of, or arrests, the person and continues until the first sovereign relinquishes its priority by releasing the person on bail, dismissing the charges, granting parole, or when the sentence is completed).

Mr. Darden remained in the primary custody of Texas authorities until he was released on parole, then. The time he served was properly credited toward his state sentence, and not toward his federal sentence. See *Baker v. Tippy*, 230 F.3d 1362, 2000 WL 1128285 (8th Cir. 2000) (unpub. Table op.) (affirming district court's conclusion that petitioner was not entitled to credit for time between his transfer to federal authorities on a writ of habeas copus *ad prosequendum* and the date his state sentence expired).

Finally, Mr. Darden claims that he is entitled to retroactive designation of the Texas Department of Criminal Justice as an institution for service of his federal sentence. In this case, the District Court did not specify that Mr. Darden's federal sentence was to run concurrently with any state sentence. At Mr. Darden's request, on August 6, 2010, the BOP asked the sentencing court for its position on retroactive designation, but the federal judge has not responded. (#7-1 at pp. 4, 39)

Under 18 U.S.C. § 3621(b), the BOP has "broad discretion to determine the location of an inmate's imprisonment," as long as it considers the five factors set forth in the statute. *Fults v. Sanders*, 442 F.3d 1088, 1090-91 (8th Cir. 2006). In this case, the BOP completed a worksheet considering all five of the factors listed in the § 3621(b). After conducting its review, the BOP determined Mr. Darden should not be allowed credit against his federal sentence for time he spent in state custody based on three factors: (1) the nature and circumstances of his offense; (2) his history and characteristics; and (3) the lack of a response from the District Court to the BOP's inquiry about the

proposed reduction to Petitioner's federal sentence. (#7-1 at pp. 42-43) The BOP acted within its broad discretion when it denied Mr. Darden's request for retroactive designation.

## V.     Conclusion

The BOP has calculated the Petitioner's sentence correctly under 18 U.S.C. § 3585(b)(2) and properly considered his request for retroactive designation under U.S.C. § 3621(b). Accordingly, the Court recommends that the District Court dismiss Stephen Darden's petition for writ of habeas corpus with prejudice.

DATED this 25th day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE